COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ABATEMENT ORDER

Appellate case name:     Monica Nicole Townsend v. Erik Allen Vasquez

Appellate case number:   01-17-00436-CV

Trial court case number: 63976

Trial court:             300th District Court of Brazoria County

Appellant Monica Nicole Townsend filed in the trial court an affidavit of indigence and a statement of inability to pay the costs of appeal. The court reporter filed a contest. After a hearing, the trial court signed an order sustaining the contest on June 26, 2017, without stating the basis for that ruling (order attached). On June 20, 2017, Townsend filed a motion challenging the trial court's order. The reporter's record has not been filed because the reporter states that the trial court sustained her contest to Townsend's affidavit and she has not been paid.

Appellant filed both an affidavit of indigence and a statement of inability. The proper document to be filed now is a Statement of Inability to Afford Payment of Court Costs and once this is filed in the trial court, the appellant will not have to pay costs except by order of the court. TEX. R. CIV. P. 145(a) (amended; effective September 1, 2016). The court may order a party to pay costs on the motion of the court reporter to require the party to prove his inability to afford costs. TEX. R. CIV. P. 145(f)(3).

After proper notice, the trial court must hold a hearing in which the burden is on the party asserting indigence. TEX. R. CIV. P. 145(f)(5). The trial court's order requiring the party to pay costs must be supported by detailed findings. TEX. R. CIV. P. 145(f)(6). Here, the trial court sustained the court reporter's contest and denied appellant's claim of indigence, which is tantamount to ordering that she can afford to pay court costs.

The party may challenge the trial court's ruling by filing a motion in the appellate court within 10 days of the signing of the trial court's order. TEX. R. CIV. P. 145(g)(1)-(2). After the party files a motion challenging the trial court's ruling, the appellate court must promptly order the filing of a supplemental clerk's record with all documents and a reporter's record of the hearings. TEX. R. CIV. P. 145(g)(3). These records must be filed at no cost to Townsend. *See id.*

The trial court has not included detailed findings in its order as required by Rule 145(f)(6). On August 3, 2017, this Court issued an order abating the appeal and remanded to the trial court for preparation of detailed findings supporting its order. On September 8, 2017, the trial court clerk filed a supplemental clerk's record containing a "Certificate of Fact" stating that

the District Clerk had searched the record and was unable to find an order concerning appellant's ability to afford costs.

To assist the District Clerk, we attach the trial court's order to this order. We continue the abatement and remand for the trial court to prepare detailed findings supporting his finding that Townsend's claim of indigence should be denied—a ruling tantamount to ruling that appellant can afford to pay costs. Once the trial court has completed preparation of these findings, the trial court clerk shall file a supplemental clerk's record **within 20 days of the date of this order** containing the trial court's order with detailed findings concerning Townsend's ability to afford costs.

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the supplemental clerk's and reporter's records are filed in this court. The court will also consider an appropriate motion to reinstate the appeal filed by either party, or the court may reinstate the appeal on its own motion. It is so ORDERED.

It is so ORDERED.


Judge's signature: /s/ Harvey Brown

☑ Acting individually      ☐ Acting for the Court


Date:  September 21, 2017